| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| EDUARDO CUADRADO CASTRO Y OTROS<br><br>**Parte apelante**<br><br>v.<br><br>E.C. WASTE LLC Y OTROS<br><br>**Parte apelada** | **TA2026AP00398** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Caso Núm.:<br>**HU2026CV00227**<br>Salón 208<br><br>Sobre:<br><br>Despido Injustificado (Ley Núm. 80), Procedimiento Sumario Bajo<br>Ley Núm. 2 |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de mayo de 2026.

Comparecen ante nos, los apelantes Eduardo Cuadrado Castro, Pedro Hernández Hernández, Alexander Hernández Rivera; Alexis Rivera Irizarry, Katia M. Nieves Miranda, Edwin Nieves Rodríguez, Idalis Maldonado García, Keishla S. Garciagona Molina, Luz I. Quiñones Cosme y Kristopher I. Lugo Nevárez, y nos solicitan que revisemos la *Sentencia* emitida el 10 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Humacao, en adelante, TPI-Humacao. Mediante dicha sentencia, el Foro Apelado *desestimó sin perjuicio* la *Querella* instada por los apelantes, por falta de jurisdicción sobre la persona de E.C. Waste, LLC, en adelante E.C. Waste, debido a la insuficiencia en el diligenciamiento del emplazamiento.

Por los fundamentos que expondremos a continuación, ***revocamos*** el dictamen apelado.

**I.**

El 13 de febrero de 2026, los apelantes presentaron una *Querella* por despido injustificado[1] contra E.C. Waste al amparo del procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, intitulada *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.*, en adelante Ley Núm. 2.[2] En esta, esbozaron que E.C. Waste adquirió el negocio para el cual trabajaban previamente, y los retuvo hasta el 22 de septiembre de 2025, fecha en que fueron presuntamente despedidos sin justa causa. Por ello, alegaron tener derecho a una indemnización por concepto de mesada.

Junto a su demanda, acompañaron un proyecto de emplazamiento dirigido al patrono apelado, el cual fue expedido por el Foro Primario el 17 de febrero de 2026.[3]

Así las cosas, el 4 de marzo de 2026, los apelantes presentaron una *Moción Solicitando se Dicte Sentencia en Rebeldía*.[4] Como fundamento, precisaron haber emplazado a E.C. Waste el 20 de febrero de 2026 dentro del mismo distrito judicial en el que instaron su acción, con copia del emplazamiento y de la querella. Asimismo, alegaron que había transcurrido el término de diez (10) días que establece la ley especial sin que el apelado presentara su alegación responsiva. Por tal razón, solicitaron que se le anotara la rebeldía a E.C. Waste y que se dictara sentencia a su favor.

En consecuencia, al día siguiente, el TPI-Humacao notificó una *Orden* mediante la cual le anotó la rebeldía al patrono apelado.[5]

---

[1] Al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, intitulada *Ley sobre Despidos Injustificados*, 29 LPRA sec. 185a, *et seq.*
[2] SUMAC TPI, entrada núm. 1.
[3] *Íd.*, entrada núm. 2.
[4] *Íd.*, entrada núm. 3.
[5] *Íd.*, entrada núm. 4.

El 11 de marzo de 2026, los apelantes solicitaron la celebración de una vista en rebeldía,[6] la cual fue señalada por el Foro Apelado para el 6 de mayo de 2026[7].

Así las cosas, el 13 de marzo de 2026, E.C. Waste compareció por primera vez ante el Foro Primario mediante un escrito intitulado *Moción de Desestimación por Insuficiencia en el Diligenciamiento del Emplazamiento; Falta de Jurisdicción.*[8] En el mismo, alegó que su emplazamiento fue defectuoso e insuficiente*, en la medida que fue diligenciado sobre una persona que carecía de autoridad para recibirlo en su nombre.* Por tal razón adujo que el Foro Primario nunca adquirió jurisdicción sobre su persona, por lo que procedía la desestimación de la reclamación en su contra.

Luego de que le fuera ordenado, en la misma fecha, los apelantes replicaron el escrito presentado por el apelado[9]. En su oposición adujeron que, conforme a la resuelto en *Collazo Muñiz v. Aliss,* 2025 TSPR 22, 215 DPR __ (2025), el Foro Apelado estaba impedido de atender la moción de desestimación presentada por E.C. Waste. Asimismo, insistieron que tal solicitud era tardía e improcedente por no haberse presentado junto a la contestación a la querella dentro del término provisto por la Ley Núm. 2.

Tras ciertos incidentes procesales,[10] el 10 de abril de 2026, el TPI-Humacao emitió la *Sentencia* objeto de este recurso.[11] Mediante esta, el Foro Primario declaró "*Ha Lugar*" la moción de desestimación presentada por E.C. Waste y, en consecuencia, desestimó sin perjuicio la reclamación de los apelantes al amparo de la Regla 10.2 de Procedimiento Civil, *supra.*

---

[6] SUMAC TPI, entrada núm. 5.

[7] *Íd.*, entrada núm. 6.

[8] *Íd.*, entrada núm. 7.

[9] *Íd.*, entrada núm. 9.

[10] Entre ellos, una solicitud para señalar una vista evidenciara para dirimir la validez del emplazamiento impugnado, junto a su correspondiente oposición. *Véase*, entradas núm. 11 y 12.

[11] *Íd.*, entrada núm. 18.

El Foro Apelado determinó que, en virtud de la prueba que obra en su expediente, el emplazamiento era uno defectuoso, nulo e ineficaz *por haberse diligenciado sobre una persona sin autoridad ni facultad para recibirlo a nombre de la apelada.* Razonó que, a pesar de haberse efectuado en el mismo distrito judicial en que se radicó la acción, dicho emplazamiento incumplía con los requisitos mandatorios de la Regla 4 de Procedimiento Civil; en particular, con los dispuestos en la en la Regla 4.4(e) del mismo cuerpo reglamentario. Por ende, concluyó que la invalidez del emplazamiento le impidió adquirir jurisdicción sobre E.C. Waste, quien nunca advino en conocimiento oportuno de la reclamación que pendía en su contra.

Inconforme, el 20 de abril de 2026, los apelantes comparecieron ante nos mediante un recurso de apelación, y realizó el siguiente señalamiento de error:

**COMETIÓ EL TPI GRAVE ERROR DE DERECHO AL DECLARAR HA LUGAR LA MOCIÓN DE DESESTIMACIÓN Y NO DICTAR SENTENCIA EN REBELDÍA A FAVOR DE LOS APELANTES**

El 30 de abril de 2026, E.C. Waste presentó su *Alegato en Oposición a Recurso de Apelación.* Perfeccionado el recurso, procedemos a resolver.

## II.

### A. Apelación Civil

Las Reglas de Procedimiento Civil de Puerto Rico se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio, entiéndase las alegaciones, mociones, descubrimiento de prueba, vista evidenciaria, sentencia, reconsideración, *apelación*, y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea,* 145 DPR 236, 238 (1998).

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de *apelación* es aquel que se presenta ante un foro de mayor jerarquía cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Foro de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA, Ap. VIII, R. 52; *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019). *Véase*, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *apelación* no es un recurso discrecional como en los casos de *certiorari*. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, se reconoce que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones, cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017). Regla 13(A) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 22, 216 DPR ___ (2025); Art. 4.006(a) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201-2003, 4 LPRA sec. 24y.

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de

instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Bathia Gautier v. Gobernador*, 199 DPR 59, 182 (2017); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

### B. Ley de Procedimiento Sumario de Reclamaciones Laborales

La *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2, *supra*, fue promulgada por nuestra Legislatura, con el fin de librar a los obreros o empleados del procedimiento judicial ordinario cuando entablen una reclamación contra su patrono. *Slim v. Royal Blue y otros*, 2025 TSPR 133, 217 DPR ___ (2025); *Collazo Muñiz v. Aliss*, 2025 TSPR 22, 215 DPR __ (2025); *León Torres v. Rivera Lebrón*, 204 DPR 20, 30 (2020); *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008); *Ríos v. Industrial Optic*, 155 DPR 1, 10 (2001).

Como bien propone su nombre, bajo esta disposición, los empleados con reclamos laborales pueden beneficiarse de un procedimiento sumario y expedito. La jurisprudencia interpretativa ha procurado proteger y sostener tanto la importancia como la intención legislativa de que los reclamos de naturaleza laboral sean tramitados con prontitud. *Slim v. Royal Blue y otros*, supra; *Collazo Muñiz v. Aliss*, supra; *Class Fernández v. Metro Health Care*, 214 DPR 348, 358 (2024); *León Torres v. Rivera Lebrón*, supra, pág. 32-33; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 732 (2016). Por ello, se ha reconocido que los foros judiciales deben dar

estricto cumplimiento a las disposiciones del referido estatuto, y cumplir con sus propósitos, *Dávila Rivera v. Antilles Shipping, Inc.* 147 DPR 483, 492 (1999).

En atención a ello, la Sección 3 del estatuto en cuestión, dispone que en "los casos que se tramiten con arreglo a esta Ley, *se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley*". Ley Núm. 2, *supra*, sec. 3120; *Collazo Muñiz v. Aliss*, supra; *Class Fernández v. Metro Health Care,* supra (Énfasis nuestro). Es decir, las Reglas de Procedimiento Civil aplican supletoriamente en todo cuanto no resulte conflictivo con las disposiciones de la Ley Núm. 2 o con la naturaleza sumaria de sus procedimientos. *Collazo Muñiz v. Aliss*, supra; *Class Fernández v. Metro Health Care,* supra.

Así, por ejemplo, nuestro Tribunal Supremo recientemente repasó la normativa aplicable a la legislación especial con el fin de armonizar las disposiciones de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, con la finalidad del procedimiento sumario al amparo de la Ley Núm. 2. *Collazo Muñiz v. Aliss*, supra.

En suma, la Alta Curia resolvió que, como regla general, el patrono querellado debía incluir sus defensas al amparo de la Regla 10.2 de Procedimiento Civil junto a su alegación responsiva, y someterla dentro del plazo establecido en la ley especial. *Íd.* Esto, pues, presentarla en un escrito por separado, como prescribe el procedimiento civil ordinario, acarrea efectos que inciden sobre la celeridad del trámite sumario. *Íd.*

Sin embargo, excepcionalmente, el patrono querellado puede optar por presentar solamente una moción al amparo de la precitada regla procesal. *Íd.* Ante esta situación, la jurisdicción del tribunal sobre el resto de los procedimientos dependerá de la

validez de las alegaciones desestimatorias del querellado. *Íd.* Esto es, de proceder la solicitud en sus méritos, el tribunal podrá dictar sentencia a tales efectos. De lo contrario, dicho foro estará obligado a continuar los procedimientos luego de anotarle la rebeldía al querellado, por haber transcurrido el término estatutario para contestar la querella presentada en su contra. *Íd.*

### C. Emplazamiento

En atención a lo que nos ocupa, reiteradamente, nuestro Alto Foro ha expresado que, como regla general, nuestro ordenamiento jurídico reconoce el emplazamiento como el mecanismo procesal mediante el cual un Tribunal adquiere jurisdicción *in personam. Bonilla Sánchez v. Orta y otros*, 2026 TSPR 32, 218 DPR ___ (2026); *Ross Valedón v. Hosp. Dr. Susoni, et al.*, 213 DPR 481, 487 (2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 646-647 (2021); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017). El propósito del emplazamiento es notificarle a la persona demandada que se ha presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. *Martajeva v. Ferré Morris y otros*, supra, pág. 620.

Como "'el emplazamiento se mueve dentro del campo del Derecho Constitucional', nuestro ordenamiento jurídico ha requerido el cumplimiento estricto de una serie de requisitos para su eficacia". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra, pág. 647, citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 257. Cónsono con lo anterior, emplazar conforme a derecho supone dar estricto cumplimiento a los requisitos dispuestos en las Reglas de

Procedimiento Civil. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, supra, pág. 648.

A tenor con ello, nuestro Alto Foro ha expresado que el dictamen que se emita en una acción en la cual el emplazamiento fue defectuoso es nulo de su faz, puesto que el tribunal no puede adquirir jurisdicción sobre una persona que no se emplazó correctamente. *Bco. Santander P.R. v. Fajardo Farms Corp.,* 141 DPR 237, 244 (1996). Por ello, una sentencia que se dicte contra un demandado que no ha sido emplazado conforme a derecho es inválida y no puede ser ejecutada. *Lucero v. San Juan Star,* 159 DPR 494, 507 (2003). Asimismo, ante una sentencia nula, no trascurren los términos, porque la nulidad es insubsanable. *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000); Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra ed. rev., 2012, pág. 297.

En lo pertinente, cuando se inicia un procedimiento sumario bajo la Ley Núm. 2, el emplazamiento se debe realizar, como regla general, en conformidad a las normas establecidas en dicho estatuto. Sobre ello, la Sección 3 de la referida Ley, *supra*, establece cómo se hará el emplazamiento de la parte querellada. Específicamente, entre otras cosas, dispone lo siguiente:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.
>
> [...]
>
> 32 LPRA sec. 3120.

En cuanto al diligenciamiento del emplazamiento, la precitada disposición establece que:

> El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden *en la persona que en cualquier forma represente a dicho querellado* en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. *Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos.*

32 LPRA sec. 3120. (Énfasis nuestro).

En su interpretación de este proceso de diligenciamiento, nuestro Tribunal Supremo concluyó que el mismo debe realizarse sobre una persona apta y con cierto grado de autoridad para recibir el emplazamiento en representación del patrono. *Lucero v. San Juan Star,* supra, pág. 516.

Por ello, cuando no resulta posible emplazar personalmente al patrono querellado, su diligenciamiento se puede efectuar por medio de "un director, oficial, administrador, gerente administrativo, agente general, agente inscrito o designado por ley o nombramiento, [o] a través de *cualquier persona que por su puesto, funciones, deberes, autoridad o relación con el patrono ostente capacidad para representarlo*". *Íd.*, págs. 517-518. (Énfasis nuestro). Véase, además, *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, supra, págs. 654-655. Así, el criterio determinante es la capacidad representativa que tal persona ostenta con relación al patrono, cuya determinación debe realizarse caso a caso. *Lucero v. San Juan Star,* supra, pág. 518.

Alternativamente, en caso de no lograrse el diligenciamiento en la forma prescrita por la Ley Núm. 2, la Regla 4.4(e) de las de Procedimiento Civil expresamente dispone que, al emplazarse a una corporación, compañía, sociedad, asociación o cualquier otra

persona jurídica, su diligenciamiento deberá hacerse entregando copia del emplazamiento y de la demanda "a un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos". 32 LPRA Ap. V, R. 4.4(e). Similarmente, el análisis de suficiencia bajo esta regla requiere un elemento de autoridad para recibir el emplazamiento. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, supra, pág. 653; *Pou v. American Motors Corp.*, 127 DPR 810, 821 (1991).

### D. Desestimación

La Regla 10.2 de Procedimiento Civil, *supra*, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016). Esta, dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) *insuficiencia del diligenciamiento del emplazamiento*; (5) dejar de exponer una reclamación que justifique la concesión de un remedio y; (6) dejar de acumular una parte indispensable. *Rodríguez Vázquez et als. v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Inmob. Baleares, et al. v. Benabe et al.*, 214 DPR 1109, 1128 (2024); *Rivera, Lozada v. Universal*, 214 DPR 1007, 1023 (2024); *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Costa Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, supra, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Saint Mary Investments v. Denton Morales y otros*, 2026 TSPR 35, 218 DPR ___ (2026); *Díaz*

*Vázquez et al. v. Colón Peña et al.*, 214 DPR 1135, 1149 (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128; *Rivera, Lozada v. Universal,* supra, pág. 1023; *Blassino, Reyes v. Reyes Blassino,* supra, pág. 833; *Costas Elena y otros v. Magic Sport y otros*, supra, pág. 533; *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 84 (2023); *Cobra Acquisition v. Mun. Yabucoa et. al.,* 210 DPR 384, 396 (2022).

Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Saint Mary Investments v. Denton Morales y otros*, supra; *Morales et al. v. Asoc. Propietarios*, 214 DPR 284, 291 (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128; *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, 200 DPR 50, 69 (2018).

Cabe señalar que, respecto al diligenciamiento defectuoso de un emplazamiento, la norma establecida por nuestro Tribunal Supremo dispone que **"*cuando un emplazamiento es diligenciado de manera incorrecta, el remedio apropiado no es desestimar la demanda, sino más bien ordenar que se repita el diligenciamiento*"**. *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, pág. 874 (2005); *Negrón v. Depto. Servicios Sociales*, 105 DPR 873, 876 (1977) (Énfasis nuestro).

En estos casos, *lo apropiado es que el tribunal expida una nueva orden o emplazamiento para que sea diligenciado dentro de un plazo razonable*, de acuerdo a las normas aplicables. *Íd.* Dicha instrucción responde a la firme política pública que propicia que los casos se ventilen en sus méritos y que no se prive a una parte de su día en corte. *Mercado Figueroa v. Mun. San Juan,* 192 DPR 279, 288-289 (2015); *Banco Popular v. S.L.G. Negrón*, supra.

**III.**

Los apelantes recurren ante esta Curia y exponen *un único señalamiento de error*. En síntesis, sostienen que el TPI-Humacao se equivocó al atender y declarar con lugar la moción de desestimación por *insuficiencia en el diligenciamiento del emplazamiento*, presentada por E.C. Waste, contrario a la normativa aplicable a los procedimientos sumarios al amparo de la Ley Núm. 2.

Sobre la validez de su emplazamiento, estos reiteran que el emplazador entregó copia de la querella y el emplazamiento a la apelada en el mismo distrito judicial en el que instaron su reclamación laboral, tal cual prescribe la Ley Núm. 2. Por ello, concluyen que la apelada quedó debidamente notificada y apercibida de las consecuencias de su incomparecencia.

A la luz de ello, y apoyados en su interpretación de lo resuelto en *Collazo Muñiz*, supra,[12] insisten que, debido a que presentaron su reclamación al amparo de la Ley Núm. 2, la apelada estaba obligada a presentar los planteamientos de su moción de desestimación junto a su contestación a la querella, en un solo escrito, dentro de los diez (10) días posteriores a que fue emplazada. Por haberla sometido en exceso del término aludido sin una alegación responsiva, arguyen que el Foro Apelado carecía de discreción para atender dicha moción dispositiva, ya que solo tenía facultad para dictar sentencia en rebeldía a su favor. Asimismo, sostuvieron que el Foro Primario incidió al señalar una vista en rebeldía en lugar dictar sentencia a su favor.[13]

---

[12] Los apelantes aducen que el referido caso es uno cuyos hechos y controversias son idénticos al caso de marras.

[13] Nos parece contradictorio tal planteamiento, dado que los apelantes fueron quienes le solicitaron al Foro Primario el señalamiento de la vista en rebeldía ahora impugnada, con el fin de dilucidar las alegaciones de su querella. *Véase*, SUMAC TPI, entrada núm. 5. Por ello, adelantamos que el Foro Apelado no incidió ante tal acción.

En contraste, E.C. Waste alega que el emplazamiento impugnado fue diligenciado sobre una empleada suya que no tenía capacidad para representarlo ni autoridad para recibir el mismo en su nombre, por lo que nunca tuvo una notificación adecuada y oportuna de la reclamación de los apelantes. Ante ello, arguye que tal emplazamiento contravino los preceptos del debido proceso de ley, lo que privó al Foro Primario de adquirir jurisdicción sobre su persona. Por tal razón, afirma que el Foro Apelado concedió el remedio adecuado al desestimar la querella de los apelantes en lugar de continuar los procedimientos en rebeldía.

En cuanto a lo resuelto en *Collazo Muñiz*, supra, señala que el argumento de los apelantes se deriva de una interpretación parcializada de la norma allí establecida. Aducen que en el precitado caso se explica, primordialmente, los efectos procesales a los que se expone un querellado que opta por presentar una moción de desestimación sin la correspondiente alegación responsiva. Por ello, sostiene que la forma en que presentó su defensa de falta de jurisdicción es válida dentro del procedimiento sumario de la Ley Núm. 2.

Conforme al derecho previamente expuesto, la Ley Núm. 2 garantiza un procedimiento sumario y expedito para dirimir pleitos laborales. Por ello, las normas procesales relativas al procedimiento civil ordinario son aplicables en todo aquello que no contravenga las disposiciones de la precitada ley especial, ni el carácter sumario del procedimiento por ella establecida.

Ante ello, la Ley Núm. 2 requiere que el patrono querellado sea emplazado, entre otras formas, notificándole con copia de la querella, luego de lo cual tendrá diez (10) días para contestar, si tal emplazamiento fue diligenciado en el mismo distrito judicial en el cual se instó la reclamación. De no poder emplazar al patrono personalmente, tal diligenciamiento puede realizarse a través de

alguna persona *con cierto grado de autoridad para recibir el emplazamiento en representación del patrono*, lo cual debe determinarse caso a caso.

De otro lado, es norma reiterada que el emplazamiento es el mecanismo procesal por el cual el Tribunal de Primera Instancia adquiere jurisdicción sobre la persona del querellado. Así, ante un emplazamiento defectuoso, la sentencia que se emita en su día será nula de su faz, dado que la misma carecerá de jurisdicción. No obstante, *cuando el defecto recae sobre su diligenciamiento, lo apropiado es que el tribunal ordene que este se efectúe nuevamente dentro de un plazo razonable, en lugar de decretar la desestimación del pleito*.

En primer lugar, coincidimos con el apelado en cuanto a lo resuelto recientemente por nuestro Tribunal Supremo en *Collazo Muñiz*. Nada en el referido caso nos mueve a interpretar que exista alguna prohibición que vede la práctica de presentar una moción de desestimación de manera independiente y fuera del término estatutario para presentar la contestación a la querella. Por el contrario, la norma allí establecida avala el curso de acción tomado por E.C. Waste.

En particular, el Alto Foro aclaró que, de optarse por presentar solamente la moción de desestimación —tal como realizó el apelado en este caso— las consecuencias procesales quedaran supeditadas a los méritos de la moción dispositiva aludida. Es decir, al no presentar la moción su desestimación, sin más, E.C. Waste asumió los riesgos de su apuesta procesal.

Por ello, colegimos que el Foro Primario no incidió al atender la moción de desestimación presentada por E.C. Waste dentro del procedimiento sumario, a pesar de que la misma fue presentada sin la contestación a la querella. Esto pues, los planteamientos

esbozados en el referido escrito fueron válidamente adjudicados a su favor. Veamos.

Surge del expediente que los apelantes radicaron su querella en Humacao, Puerto Rico, y que tal emplazamiento fue diligenciado a los pocos días de su expedición mediante la entrega de la copia del mismo y de la querella, en la dirección de E.C. Waste, la cual esta sita en el municipio aludido. Además, el emplazamiento estaba dirigido al apelado y contenía toda la información relacionada a la querella radicada, así como el apercibimiento para que este contestara la reclamación dentro del término estatutario de diez (10) días, y de las consecuencias de no hacerlo[14].

Ahora bien, apreciamos que el emplazador de los apelantes certificó[15] haber diligenciado el emplazamiento a E.C. Waste "dejando copia de los documentos a un(a) agente autorizado(a) por la parte querellada o designada por ley para recibir emplazamientos [...]" en la dirección física del apelado.[16] Seguido, consignó en una esquina del formulario que el emplazamiento fue recibido por la señora Mayra Márquez, y añadió, entre paréntesis, las palabras "Recursos Humanos".[17] Más allá de estas expresiones, no se desprende la razón por la cual dicho emplazador le atribuyó tal expresión a la señora Mayra Márquez, o si realizó alguna otra gestión para corroborar la posición que este ocupaba como empleada E.C Waste.

Ante la ausencia de prueba[18] que refutara la evidencia presentada por el apelado,[19] no hallamos otro criterio que nos

---

[14] *Véase*, SUMAC TPI, entrada núm. 3, Anejo 1.
[15] A través del Formulario OAT 1843 sobre emplazamientos al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales.
[16] *Véase*, SUMAC TPI, entrada núm. 3, Anejo 1, pág. 2.
[17] *Íd.*
[18] Apreciamos que los apelantes nunca han refutado efectivamente —ni ante el Foro Primario ni ante esta Curia— las alegaciones del apelado en cuanto a la razón por las cual este último concluyó que su emplazamiento fue insuficiente. Los apelantes se limitaron a esbozar que su emplazador presuntamente les informó que la persona que recibió el documento era un funcionario autorizado. *Véase*, SUMAC TPI, entrada núm. 9, pág. 3. Ante nos, estos se limitaron a denunciar los planteamientos del apelado como meras conjeturas, y se ciñeron a

mueva a colegir que la persona que recibió el emplazamiento a nombre de E.C. Waste tuviese la capacidad representativa requerida para determinar que su diligenciamiento fue efectuado conforme a la normativa vigente.

En otras palabras, los apelantes no pudieron demostrar que la señora Mayra Márquez fuese una directora, oficial, administradora, gerente administrativa, agente general, agente inscrito o designado por ley o nombramiento, o que por su puesto, funciones, deberes, autoridad o relación con E.C. Waste ostentara capacidad alguna para representarlo. Ante ello, opinamos que el Foro Apelado no incidió en su determinación en cuanto a la aptitud de tal empleada para recibir dicho emplazamiento.

Por esta razón, no podemos sino concluir que el diligenciamiento no se realizó conforme a derecho, por lo que los diez (10) días que impone la Ley Núm. 2 para contestar la reclamación de los apelantes no habían comenzado a transcurrir para el apelado. Sin embargo, discrepamos del remedio concedido por el Foro Apelado a tenor con dicha determinación.

Según expusimos, el emplazamiento impugnado contiene todos los elementos sustantivos y formales que requiere el debido proceso de ley para notificarle a E.C. Waste de la reclamación en su contra y de las advertencias relativas a su incumplimiento procesal. El único defecto que impidió la adquisición de jurisdicción sobre su persona versa *exclusivamente* sobre su diligenciamiento en una persona sin autoridad o capacidad representativa para actuar en su nombre.

---

recitar generalmente los requisitos estatutarios de la Ley Núm. 2 en cuanto al emplazamiento y los términos relacionados.

[19] Por su parte, el apelado sustentó efectivamente sus alegaciones en dos (2) declaraciones juradas que no fueron rebatidas por los apelantes mediante sus escritos posteriores. *Véase*, SUMAC TPI, entrada núm. 7, Anejos A y B. En síntesis, estas acreditaron ante el Foro Primario que la señora Mayra Márquez no ejercía función o autoridad legal o administrativa alguna dentro de la estructura organizacional de E.C. Waste.

Así, en virtud de la norma prevaleciente a este tipo de defectos, y en atención a la clara política pública de que los casos se ventilen en sus méritos, concluimos que el Foro Primario debió ordenar *que el emplazamiento fuese diligenciado nuevamente.* Por ello, el TPI-Humacao incurrió en el error señalado, en cuanto a la desestimación del caso de marras; de conformidad, **los querellantes, sin esperar trámite adicional alguno, deberán emplazar nuevamente a la parte querellada**.[20]

Estamos convencidos que lo aquí resuelto no solo armoniza la normativa procesal civil con la naturaleza del trámite sumario, sino que cumple exactamente con el propósito de las disposiciones de la Ley Núm. 2. Ciertamente, ordenar un nuevo diligenciamiento dentro del pleito ya comenzado, en lugar de ordenar la presentación de una querella nueva, garantiza la rápida disposición del reclamo laboral ante la consideración del Foro Primario.

**IV.**

Por los fundamentos antes expuestos, *revocamos* el dictamen apelado. De esta manera, devolvemos el caso al TPI-Humacao para que continúen los procedimientos de manera compatible a lo aquí resuelto. Al amparo de la Regla 18(A) de nuestro Reglamento, *supra*, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, ***sin que tenga que esperar por nuestro mandato***.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[20] Nótese que, a la fecha de la sentencia apelada, no había transcurrido el término reglamentario para diligenciar el emplazamiento impugnado. *Véase,* 32 LPRA Ap. V, R. 4.3.